IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MAZIE DAGLIS, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO.: |
| | ) _____ |
| COCA-COLA BOTTLING COMPANY | ) |
| UNITED, INC., COCA-COLA BOTTLING | ) |
| UNITED-EAST, LLC, THE KROGER CO | ) |
| and JOHN DOES 1-3, | ) |
| | ) |
|     Defendants. | ) |

## **COMPLAINT**

COME NOW Plaintiff and files this Complaint for Damages,

showing  this Honorable Court as follows:

1.

Plaintiff Mazie Daglis (hereinafter referred to as "Plaintiff" or "Daglis")

is a citizen and resident of the State of Georgia and resides at 4845 Brown Leaf

Dr. Powder Springs, Ga 30127. This case is a renewal actional filed pursuant

to O.C.G.A. § 9-2-61.  The previous action was filed in in the State Court of

Gwinnett County, Civil Action File No.: on or about June 12, 2019.  The matter

was transferred to this Court and was given a File No.: 1:19-CV-03220-AT.

All costs in all courts have been paid pursuant to O.C.G.A. § 9-11-41(d).  The previous action involved substantially the same parties, involved substantially the same claims and was a valid action with proper service upon Defendants. The previous action in this Court was dismissed without prejudice on April 6, 2021.  This renewal action is filed within six (6) months of Plaintiff's voluntary dismissal without prejudice of the previous action.

2.

Defendant  Coca-Cola  Bottling  Company  United,  Inc. (hereinafter referred  to  as  "Defendant  Coca-Cola  United")  is  a  foreign  corporation organized  and  duly  existing  under  the  laws  of  Delaware  and  authorized  to conduct business in the State of Georgia.

3.

Defendant  Coca-Cola  United's  registered  agent  for  service  is:  CT Corporation System 289 S. Culver St. Lawrenceville, GA 30046. Defendant Coca- Cola United may be served by serving a Summons and a copy of the Complaint upon the Registered Agent or in the alternative, upon Attorney Ron Coleman  pursuant  to  Defendant  Coca-Cola  United's  agreement  to  accept service of process.

4.

Defendant Coca-Cola United is subject to the jurisdiction of this Court.

5.

Defendant Coca-Cola United is subject to the venue of this Court.

6.

Defendant Coca-Cola United has been properly served with process in this action.

7.

Defendant Coca-Cola Bottling Company United-East, LLC, (referred to as "Defendant Coca-Cola East"), is a foreign corporation organized and duly existing under the laws of Delaware and authorized to conduct business in the state of Georgia.

8.

Defendant Coca-Cola East's registered agent for service is: CT Corporation System 289 S. Culver St. Lawrenceville, GA 30046. Defendant Coca-Cola East may be served by serving a Summons and a copy of the Complaint upon the Registered Agent.

9.

Defendant Coca-Cola East is subject to the jurisdiction of this Court.

10.

Defendant Coca-Cola East is subject to the venue of this Court.

11.

Defendant Coca-Cola East has been properly served with process in this action.

12.

Defendant The Kroger Co (referred to as "Defendant Kroger"), is a foreigncorporation organized and authorized to conduct business in the State of Georgia.

13.

Defendant Kroger's registered agent for service is: CSC of Cobb County, Inc.192 Anderson St. SE Suite 125 Marietta, GA 30060. Defendant Kroger may beserved by serving a Summons and a copy of the Complaint upon the Registered Agent.

14.

Defendant Kroger is subject to the jurisdiction of this Court.

15.

Defendant Kroger is subject to the venue of this Court.

16.

Defendant Kroger has been properly served with process in this action.

17.

Defendant John Does 1-3 are corporations authorized to transact business in Georgia and/or employees or agents of such corporations that are currently unknown. John Does will be served with Summons and a copy of the Complaint once their identities are made known.

**FACTS**

18.

Plaintiff hereby adopts and re-alleges the allegations contained in Paragraphs1 through 17 as if fully set forth herein.

19.

On or about June 29, 2017, Plaintiff Mazie Daglis was an invitee at the Kroger Store located at 440 Brownsville Rd. in Powder Springs, GA (hereinafter referred to as the "Premises"), when she reached to select a six pack of Coca-Cola from a Coke display and the wooden display fell onto her body

causing multiple injuries.

20.

Prior to the display falling, neither the Defendants nor their employees oragents warned Plaintiff that display was not adequately secured.

21.

Nor were any warnings or signs posted near or around the display.

22.

At all times mentioned herein, Plaintiff exercised ordinary care and diligence under the circumstances.

23.

Upon information and belief, the employees and agents of Defendant Coca- Cola United and/or Coca-Cola East had exclusive possession and control of thedisplay prior to its installation at the premises and were responsible for ensuring itwas secure for use by patrons like the Plaintiff at all times relevant to this litigation.

24.

Upon information and belief, on the date of this incident Defendant Krogerhad possession and control of the display after its installation within

their store and were responsible for inspecting and maintaining it.

25.

As a result of the sign falling on her, Plaintiff suffered physical injuries to her person.

26.

Plaintiff's injuries are continuing and permanent in nature.

27.

As a result of her injuries, Plaintiff has incurred reasonable and necessary medical and doctor expenses and will continue to incur expenses in the future, in an amount to be proven at trial.

## COUNT ONE – PREMISES LIABILITY/NEGLIGENCE AS TO DEFENDANTS COCA-COLA UNITED AND COCA-COLA EAST

28.

Plaintiff hereby adopts and re-alleges the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29.

Prior to the Coke display falling onto the Plaintiff, employee and/or agents of Defendants Coca-Cola United and/or Coca-Cola East negligently installed, inspected, maintained, and secured the display on the premises.

30.

Defendant Coca-Cola United and/or Coca-Cola East are responsible for theiremployees' negligence under the theory of respondeat superior.

31.

Defendant Coca-Cola United owed a nondelegable duty of reasonable care in installing, inspecting, maintaining, and securing the display to ensure it is safe for invitees such as Plaintiff.

32.

Prior to the time when Plaintiff was injured on June 29, 2017, Defendant Coca-Cola United and/or Coca-Cola East knew or should have known the Coke display was inadequately secured by one of its employees/agents, thus creating a hazardous condition.

33.

Defendants Coca-Cola United and/or Coca-Cola East had actual and/or constructive notice of the aforementioned hazardous condition and were negligent. Defendants Coca-Cola United and/or Coca-Cola East breached its duty of care by failing to take adequate measures to protect invitees such as plaintiff from hazardous conditions and by failing to properly warn invitees of the hazard.

34.

Defendants Coca-Cola United and/or Coca-Cola East negligently failed to implement and utilize proper procedures to prevent the existence of a hazardous condition and, thus, created an unreasonable risk of injury to invitees of the premises, including Plaintiff.

35.

Defendant Coca-Cola United and/or Coca-Cola East were and are otherwise negligent.

## COUNT TWO – NEGLIGENCE AS TO DEFENDANT KROGER

36.

Plaintiff hereby adopts and re-alleges the allegations contained in Paragraphs 1 through 35 as if fully set forth herein.

37.

When the Coke display fell onto plaintiff, she was an invitee on the Premises, and Defendant Kroger had exclusive control of the Premises.

38.

Defendant Kroger owed a nondelegable duty of reasonable care in keeping the Premises safe for invitees such as Plaintiff.

39.

Prior to Plaintiff's injuries on June 29, 2017, Defendant Kroger knew orshould have known the Coke display was inadequately secured presenting a hazard tothe Plaintiff and other invitees who approached the display.

40.

Defendant Kroger was negligent in failing to inspect and maintain the displayto ensure it was safe and secure for invitees.

41.

Defendant Kroger was further negligent in failing to warn invitees that the display was not adequately secured and therefore presented a hazard to invitees, such as the Plaintiff.

42.

Defendant Kroger negligently failed to implement and utilize proper procedures to prevent the hazardous display on its premises from collapsing and, thus,created an unreasonable risk of injury to invitees, including Plaintiff.

## COUNT THREE – NEGLIGENCE OF DEFENDANTS JOHN DOES 1-3

43.

Plaintiff hereby adopts and re-alleges the allegations contained in Paragraphs1 through 42 as if fully set forth herein.

44.

John Does 1-3 are corporations and/or employees and agents of corporations who acted negligently in installing, maintaining and/or inspecting the display at issue.

45.

John Does 1-3 owed a nondelegable duty of reasonable care in keeping the display safe for invitees such as Plaintiff.

46.

Prior to the time when Plaintiff was injured on June 29, 2017, Defendant John Doe knew or should have known that display was inadequately secured creating a hazard to invitees of the premises, such as Plaintiff.

47.

Defendants John Does 1-3 had actual and/or constructive notice of the aforementioned hazardous condition and were negligent. That is, Defendants John Does 1-3 breached their duty of care by failing to take adequate measures to protect invitees from the hazardous display, by failing to properly warn invitees of the approaching hazard, and by failing to keep the display safe for invitees such as Plaintiff.

48.

Defendants John Does 1-3 negligently failed to implement and utilize proper procedures to prevent the hazardous condition existing on the premises and, thus, created an unreasonable risk of injury to its invitees, including Plaintiff.

49.

Defendants John Does 1-3 were and are otherwise negligent.

## COUNT FOUR – DAMAGES

50.

Plaintiff hereby adopts and re-alleges the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51.

The injuries that Plaintiff sustained are the direct and proximate result of the negligence of the Defendants.

52.

As the direct and proximate result of the Defendants' negligence, Plaintiff has incurred medical expenses for which she is entitled to compensation.

53.

As a direct and proximate result of Defendants' negligence, Plaintiff will incurfuture medical expense for which she is entitled to compensation.

54.

As a direct and proximate result of Defendants' negligence, Plaintiff has endured pain and suffering for which she is entitled to compensation.

55.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and all other damages permitted by law.

## COUNT FIVE – ATTORNEYS FEES

56.

Plaintiff hereby adopts and re-alleges the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57.

At all times and in all matters mentioned above, Defendants have been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to an award of reasonable attorneys' fees and court

costs pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays for the following relief:

a) That a Summons and a copy of this Complaint be served upon
   Defendantsas provided by law;

b) For special damages for her past and future medical costs against
   Defendant in an amount to be proven at trial;

c) For general damages for her personal injuries against Defendants
   (including, but not limited to pain and suffering, past, present and
   future)in an amount to be proven at trial;

d) For attorneys' fees and costs against Defendants pursuant to
   O.C.G.A. §13-6-11; and,

e) For all further losses and recovery as deemed proper by the Court.

**TRIAL BY JURY IS HEREBY DEMANDED.**

This 27th day of September, 2021.

Respectfully submitted,

**TITUS SMITH, LLC**

*/s/ Mathew K. Titus*
MATHEW K. TITUS
Georgia Bar No. 732793
Attorney for Plaintiff

14

5755 North Point Parkway
Suite 88
Alpharetta, GA 30022
(P) 770.416.8426
(F) 770.818.5545
mktitus@titus-smith.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Mathew K. Titus, certify that the foregoing has been prepared in Times New

Roman 14 font and is in compliance with the United States District Court for the

Northern District of Georgia, Atlanta Division Local Rule 5.1.

This <u>27th</u> day of <u>September</u>, 2021.

Respectfully submitted,

**TITUS SMITH, LLC**

*<u>/s/ Mathew K. Titus</u>*
MATHEW K. TITUS
Georgia Bar No. 732793
Attorney for Plaintiff

5755 North Point Parkway
Suite 88
Alpharetta, GA 30022
(P) 770.416.8426
(F) 770.818.5545
mktitus@titus-smith.com